**In re A.J. HOLDINGS, INC., Debtor.**

**Bankruptcy No. 97–11047.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 26, 1997.

Douglas R. DeSimone, DeSimone & Leach, Providence, RI, Harland L. Smith, Milford, MA, for Debtor.

Casby Harrison, III, Tillinghast, Licht & Semonoff, Providence, RI, for Rhode Island Airport Corporation.

James K. Sloan, III, Gardner, Sawyer, Gates, Sloan & Engustian, Providence, RI, for North Central Airways and North Central Aircraft Sales, Inc.

*ORDER: (1) GRANTING MOTION TO REOPEN; (2) VACATING ORDER OF DISMISSAL; (3) MANDATING THE FILING OF SCHEDULES; AND (4) ORDERING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on June 25, 1997, on the Debtor's Motion to Reopen this Chapter 11 case which was dismissed on April 11, 1997, when the Debtor failed to show cause why the case should not be dismissed for failure to file schedules. Evidence adduced at the hearing regarding alleged irregularities during the pendency and administration of the Chapter 11 case was sufficiently disconcerting that we will grant the Motion to Reopen, in order to have a second look at what happened.

The Debtor's principal, Peter Belli, testified, and counsel for the Debtor represented to the Court that during the Chapter 11:(1) several creditors repossessed assets of the Debtor, without adequate notice, without Court authorization, and while the Debtor was not in payment default; and (2) the Debtor's sub-lessor entered into a settlement agreement with the Rhode Island Airport Corporation ("RIAC") terminating a lease with RIAC that was favorable to it, but disadvantageous to its sub-lessee (the Debtor), and creditors. The Debtor alleges lack of notice and/or knowledge of all of these goings on, and the notice issue in general is a disputed question of fact. Based upon the entire record in this bankruptcy case, we find that the appointment of a Trustee is appropriate and necessary to investigate the actions taken by secured creditors, the Debtor, and others during the Chapter 11.[1]

Accordingly, the Order of Dismissal entered on April 11, 1997 is vacated, without prejudice, and the appointment of a Chapter 11 Trustee is ordered to investigate the propriety of all actions taken by the Debtor, the lessor, and any other persons or parties, and

---

1. Mr. Belli also filed a Chapter 11 case for another company he owned, A.J. Flight Services. On March 6, 1997, that case was converted to Chapter 7 and Andrew Richardson, Esq., was appointed Chapter 7 Trustee.

to provide the Court with a report and recommendation as to whether the case should remain under the aegis of the Bankruptcy Court, or whether the April 11, 1997 dismissal order should stand. *See Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256, 258 (9th Cir.) *cert. denied*, —— U.S. ——, 117 S.Ct. 69, 136 L.Ed.2d 29 (1996) (bankruptcy court is permitted under Section 105 to *sua sponte* appoint a trustee). As part of said investigation we recommend that the Chapter 11 Trustee review the record of the June 25, 1997 hearing, as well as the A.J. Flight Services file.

In addition, the Debtor, through its principal Peter Belli, is ORDERED to file all schedules within 10 days from the date of this Order. A continued status conference is scheduled for September 17, 1997, at 9:30 a.m., when the Chapter 11 Trustee should provide his/her report and recommendations. Evidence may be presented, if necessary, but only with reasonable notice and upon the filing of a joint pre-trial order.